**WO** MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary L. Jones, | No. CV 06-544-PHX-MHM (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

## I. Background

On February 22, 2006, Plaintiff Gary L. Jones, confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In an April 21, 2006 Order, the Court granted the Application to Proceed *In Forma Pauperis* and dismissed the Complaint, with leave to amend, for failure to state a claim. In that Order, the Court permitted Plaintiff to file an amended complaint within 30 days from the date of the Order and warned Plaintiff that the case would be dismissed without further notice if he failed to timely comply with every provision in the Order. The Court instructed the Clerk of Court to enter a judgment of dismissal without further notice if Plaintiff failed to file timely an amended complaint.

**TERMPSREF**

On June 8, 2006, more than 30 days after the April 21, 2006 Order had been filed, the Clerk of Court entered a judgment of dismissal based on Plaintiff's failure to comply with the April 21, 2006 Order.

**II. Pending Motions**

On June 8, 2006, the same day the Clerk of Court entered judgment, Plaintiff filed a Motion for Extension of Time to File First Amended Complaint (Doc. #8). The motion was signed on June 5, 2006. In the motion, Plaintiff alleged that he had attempted to timely file his amended complaint by giving it to Inmate Legal Services at the Maricopa County Fourth Avenue Jail on May 14, 19, and 23, 2006, but that Inmate Legal Services had returned the amended complaint to him on each occasion. In his motion, Plaintiff requested an extension of time until June 21, 2006, to file his amended complaint.

On June 12, 2006, the Clerk of Court lodged a copy of Plaintiff's First Amended Complaint (Doc. #9).

On June 19, 2006, Plaintiff filed a letter/motion, dated June 15, 2006, requesting that the Court set aside the June 8, 2006 Judgment (Doc. #10). Plaintiff reiterated the allegations in his June 8, 2006 Motion for Extension of Time.

On July 11, 2006, Plaintiff filed a Motion to Set Aside Judgment pursuant to Rule 60(b)(1) and (6) of the Federal Rules of Civil Procedure (Doc. #11). Again reiterating the allegations in his June 8, 2006 Motion for Extension of Time, Plaintiff alleged that he timely submitted his amended complaint to jail authorities and requested that the Court set aside the judgment and accept his amended complaint as timely filed.

**A. Motions to Set Aside Judgment**

A court may grant a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure if the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985). The Court can grant relief under Rule 60(b) when a

1 prisoner has done all he can under the circumstances to meet a deadline. See United States
2 v. Houser, 804 F.2d 565, 569 (9th Cir. 1986) ("Excusable neglect is shown when the
3 appellant has done 'all he could do under the circumstances' to perfect an appeal within the
4 time prescribed by the rules."). Under the "prison mailbox rule," a complaint is deemed
5 "filed" when delivered by the prisoner to a prison official for mailing. See Houston v. Lack,
6 487 U.S. 266, 270-71 (1988); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003);
7 Faile v. Upjohn Co., 988 F.2d 985, 989 (9th Cir. 1992), disapproved of on other grounds,
8 McDowell v.Calderon, 197 F.3d 1253 (9th Cir. 1999).

Plaintiff alleges that he gave his amended complaint to prison officials in Inmate Legal Services on May 14, 19, and 23, 2006, and that prison officials thwarted his efforts to comply with the Court's Order by utilizing a "gatekeeping-procedural-morass-creating function that is designed and intended to hinder the untrained *pro se* inmate." In support of his allegation that he repeatedly attempted to file his amended complaint in a timely manner, Plaintiff provided a copy of each Inmate Legal Request, signed by himself and a jail official on May 14, 19, and 23.[1] Under these circumstances, relief under Rule 60(b) is appropriate and the Court will vacate the June 8, 2006 Judgment.

**B. Motion for Extension of Time**

In his Motion for Extension of Time to File First Amended Complaint, Plaintiff requested until June 21, 2006, to file his amended complaint. The Court finds good cause to grant Plaintiff's Motion for Extension of Time.

Because the Court will grant the motion for extension of time, Plaintiff's First Amended Complaint, which was lodged on June 12, 2006, was timely filed. The Court will direct the Clerk of Court to file the First Amended Complaint.

. . . .

. . . .

---

[1] In addition, Plaintiff's Motion for an Extension of Time to File First Amended Complaint, although mailed after the deadline for filing the amended complaint, was dated before the Clerk of Court entered judgment.

### III. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

### IV. First Amended Complaint

In his three-count First Amended Complaint, Plaintiff sues Defendant Joseph M. Arpaio. In Count One, Plaintiff alleges that Defendant Arpaio violated the Eighth Amendment prohibition against cruel and unusual punishment because he was aware of overcrowding in Plaintiff's jail pod and chose to ignore the overcrowding. In Count Two, Plaintiff alleges that Defendant Arpaio violated the Eighth Amendment prohibition against cruel and unusual punishment because there were unclean, unhealthy conditions in the Jail and Defendant Arpaio "knew there was no bleach and did nothing to make his Jail cleaner. He just left us in there in the filth and roaches like animals." In Count Three, Plaintiff alleges that his Eighth and Fourteenth Amendment rights were violated because "detention officers of Joseph Arpaio, under his direction" would not accept grievance forms and threatened to retaliate against him if he did not stop writing grievances. He alleges that he stopped filing grievances because he feared retaliation from Defendant Arpaio and his officers.

In his Request for Relief, Plaintiff seeks monetary damages.

Liberally construed, Plaintiff has stated a claim in Counts One, Two, and Three. Therefore, the Court will order Defendant Arpaio to answer Plaintiff's First Amended Complaint.

. . . .

. . . .

. . . .

1 **V. Warnings**

2     **A. Address Changes**

3     Plaintiff must file and serve a notice of a change of address 10 days before the move
4 is effective, if practicable. See LRCiv 83.3(d). Plaintiff must not include a motion for other
5 relief with a notice of change of address. Failure to comply may result in dismissal.

6     **B. Copies**

7     Plaintiff must serve Defendant, or counsel if an appearance has been entered, with a
8 copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied
9 by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also,
10 Plaintiff must submit an additional copy of every filing for use by the Court. LRCiv 5.4.
11 The Court may strike any filing that fails to comply with these requirements.

12     **C. Possible Dismissal**

13     Plaintiff is warned that failure to timely comply with every provision of this Order,
14 including these warnings, may result in dismissal of this action without further notice. See
15 Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an
16 action for failure to comply with any order of the Court).

17 **IT IS ORDERED:**

18     (1) Plaintiff's Motion for Extension of Time to File First Amended Complaint (Doc.
19 #8) is **granted**.

20     (2) Plaintiff's Motions to Set Aside Judgment (Doc. #10 and #11) are **granted**.

21     (3) The Clerk of Court must **vacate and set aside** the June 8, 2006 Judgment (Doc.
22 #7).

23     (4) The Clerk of Court must **file** Plaintiff's First Amended Complaint (Doc. #9).

24     (5) Defendant Arpaio must answer Plaintiff's First Amended Complaint.

25     (6) The Clerk of Court must send Plaintiff a service packet including the First
26 Amended Complaint (Doc. #9), this Order, and both summons and request for waiver forms
27 for Defendant Arpaio.

28

(7) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(9) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(10) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

   (a) Personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure.

   (b) Within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against

the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure unless otherwise ordered by the Court.

(11)  **If Defendant agrees to waive service of the Summons and First Amended Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(12)  Defendant must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13)  This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 15th day of August, 2006.

_____
Mary H. Murguia
United States District Judge